## GEORGIA R. DAVIS, v. JOHN RALSTON.

**Pleading—Filing Amended Petition before Judgment.**

>        The plaintiff is entitled to file an amended petition, to conform to the
> proof, at any time before judgment. if it does not substantially change
> the issue.

**Same—Slander.**

>        It is sufficient in an action for slander, that the petition charges, the
> defendant imputed to her a want of chastity.

APPEAL FROM HARRISON CIRCUIT COURT.

October 5, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The appellant, a single woman, brought this action of slander against the defendant for speaking words imputing to her a want of chastity; a demurrer` was sustained to the original petition because after setting out the words alleged to have been spoken there was added "or words to that effect."

An amended petition was then filed setting out the words without the alternate allegation and upon issue and evidence the defendant moved the court to instruct the jury as in case of nonsuit, because there was a variance between the allegation and the proof, whereupon and before any decision, the plaintiff offered an amended petition conforming the pleadings to the proof, but which the court refused to permit and gave the instruction asked by defendant, which resulted in a verdict and judgment for him, of which appellant complains.

This was an action of slander, based upon the general charge that defendant had imputed to her a want of chastity, the nature of the slander complained of was well understood; it is, however, often difficult for the pleader to get in words, even the same in substance, which may be established by the evidence.

Section 161, Civil Code, was enacted that the courts might relieve the difficulties and injustices of such cases by amendments after the proof be heard, when it shall not substantially change

the issue, and this conforming the pleadings and proceedings to the facts proved is designed for the benefit of either or both parties, that substantial justice may be administered unencumbered by the cobweb fictions and technicalities of pleadings and their subtle refinements.

The rejection of this amendment and the granting the defendant's instruction was an abuse of a sound legal discretion, for which the judgment is reversed, with directions to permit it to be filed, and for further proceedings.

*A. H. Ward, for appellant.*

*Trimble, for appellee.*